UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLUE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY A. BEARD,<br><br>　　　　Defendant. | 1:14-cv-01074-LJO-GSA (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 20.)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR CONSOLIDATION<br>(ECF No. 18.)<br><br>ORDER FOR CLERK TO CONSOLIDATE THIS CASE WITH CASE 1:14-cv-00060-LJO-SAB |

## I.   BACKGROUND

On January 28, 2014, Plaintiff Michael Blue, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 while proceeding in pro per, alleging unlawful contraction of the disease known as Valley Fever. (ECF No. 1.) On November 7, 2014, Plaintiff filed a motion to consolidate this case with Smith v. Schwarzenegger, case 1:14-cv-00060-LJO-SAB. On November 13, 2014, the court approved Plaintiff's substitution of attorneys, and Benjamin L. Pavone appeared as counsel for Plaintiff. (ECF No. 19.)

## II.   ORDER TO SHOW CAUSE

On December 4, 2014, the court issued an order requiring Plaintiff to show cause why this case should not be dismissed as duplicative of Akubar v. Schwarzenegger, case 1:14-cv-00816-LJO-SAB-PC, which was filed by Michael Blue and numerous co-plaintiffs on May 7, 2014 and consolidated with Smith on August 18, 2014. On December 11, 2014, Plaintiff filed

a response to the order to show cause.  (Doc. 21.)  Plaintiff argues that the dismissal of this case may cause Plaintiff to lose legal rights under the statute of limitations, and therefore the case should be consolidated with Smith instead of being dismissed.

In light of Plaintiff's response, the order to show cause shall be discharged.

### III.    REQUEST FOR CONSOLIDATION

Plaintiff requests that this case be consolidated with Smith, because both cases concern unlawful contraction by plaintiffs of the disease known as Valley Fever at the hands of the State, and are similar within the meaning of Local Rule 123(a).  Plaintiff argues that he will be better served by consolidation.

The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact.  E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).  In determining whether to consolidate cases, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989).

Smith is proceeding on the claim that state officials were deliberately indifferent to the substantial risk of harm by exposing the named plaintiffs to the risk of contracting Valley Fever.  The defendants are all alleged to have participated in implementing or continuing the same policy of inaction despite their knowledge of the risk.

The discovery issues in these actions for those defendants named in both complaints will be identical in each case.  Consolidating these actions will avoid unnecessary costs incurred due to identical discovery and motion practice occurring in separate actions.

Common questions of law and fact appear to exist in these actions.

It is in the interest of judicial economy to avoid duplication by consolidating these actions for all pretrial purposes.  Consolidation will conserve judicial resources and the resources of the parties by addressing identical issues in a single case.  Resolution of these actions will involve overlapping facts and witnesses as to the claims raised.  It serves judicial economy to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence."  E.E.O.C., 135 F.3d at 551.

At this point in the litigation, the plaintiffs in <u>Smith</u> have filed a consolidated complaint. Plaintiff's complaint in this action has not been served, and no defendants have appeared in the action. Consolidation of these actions will not cause a delay, but will actually expedite the litigation in this action by allowing Plaintiff to be included in the consolidated complaint which can be addressed by one responsive pleading.

There is no risk of confusion due to the consolidation of these actions, as the claims will be identical as to each named defendant. Similarly, the evidence and issues will be the same in each case for each defendant. Finally, the Court can discern no prejudice to any of the parties by consolidating these actions and consolidating these actions will avoid the danger of having inconsistent verdicts in the related cases. The factors considered weigh in favor of consolidating these actions for all purposes. Therefore, Plaintiff's request for consolidation shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The court's order to show cause, issued on December 4, 2014, is DISCHARGED;
2. Plaintiff's request for consolidation, filed on November 7, 2014, is GRANTED;
3. The Clerk's Office is directed to consolidate this action with <u>Smith v. Schwarzenegger</u>, case 1:14-cv-00060-LJO-SAB;
4. <u>Smith v. Schwarzenegger</u>, No. 1:14-cv-00060-LJO-SAB shall be designated as the lead case; and
5. The Clerk's Office is directed to close this action.

IT IS SO ORDERED.

Dated:   **December 16, 2014**                **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE