# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERAIDE TALINGO CORIA,<br><br>      Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Case No.  1:13-cv-01643-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SOCIAL SECURITY APPEAL AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 11, 14) |

## I.

## INTRODUCTION

Plaintiff Eraide Talingo Coria ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff suffers from status post old cerebrovascular accident, right shoulder strain, hypertension, hyperlipidemia, and diabetes mellitus with retinopathy.  For the reasons set forth below, Plaintiff's Social Security appeal shall be granted in part and denied in part and

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.  (See ECF Nos. 7, 8.)

1

Defendant's motion for summary judgment shall be granted in part and denied in part.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. (AR 179-182, 183-187.) Plaintiff's applications were initially denied on September 15, 2010, and denied upon reconsideration on February 2, 2011. (AR 84-88, 100-104.) Plaintiff requested and received a hearing before Administrative Law Judge Sharon L. Madsen ("the ALJ"). Plaintiff appeared for a hearing on April 10, 2012. (AR 31-49.) On May 24, 2012, the ALJ found that Plaintiff was not disabled. (AR 12-25.) The Appeals Council denied Plaintiff's request for review on August 13, 2013. (AR 1-3.)

### A. Relevant Hearing Testimony

Plaintiff testified at the April 10, 2010 hearing with the assistance of a Spanish language interpreter. (AR 33.) Plaintiff was born on December 12, 1956. (AR 35.) Plaintiff completed the fourth grade in Mexico and does not understand any English. (AR 36.)

Plaintiff previously worked in agriculture picking fruit and at Ruiz Foods doing janitorial duties such as sweeping and throwing away boxes. (AR 38-39.) Plaintiff went back to work after he had a stroke, but went on disability due to weakness. (AR 41-42.) Plaintiff has problems lifting his right shoulder up and down. (AR 43.) Plaintiff does have strength in his right arm when it is lower, but no strength above chest level. (AR 43.) Plaintiff is able to handle light items overhead, less than five to ten pounds. (AR 43.) It hurts to raise his right hand. (AR 43.)

Plaintiff has diabetes and his blood sugar levels fluctuate. (AR 39.) Plaintiff's blood pressure is still high on medication. (AR 40.) Plaintiff's vision varies and is sometimes blurry. (AR 40.) Plaintiff gets dizzy and feels like he is going to pass out on exertion, such as picking up the trash. (AR 41.) Plaintiff is able to lift 10 to 20 pounds. (AR 41.) Plaintiff has no problems sitting and can stand for about 20 minutes. (AR 41.) Plaintiff is able to walk one block slowly. (AR 41.) Plaintiff has weakness on his right side due to a stroke. (AR 41.)

1  A vocational expert ("VE"), Cheryl Chandler, testified at the hearing. (AR 45.) The VE characterized Plaintiff's former work as industrial cleaning, DOT 381.687-018, unskilled medium; farm worker with fruit, DOT 403.687-012 and 403.687-010, unskilled SVP 2, medium; and harvest worker, fruit, DOT 403.687-018, which is essentially the same, unskilled medium. (AR 45-46.)

The ALJ presented a hypothetical of an individual of Plaintiff's age, education, language, and work background. (AR 46.) This individual would be able to lift and carry 50 pounds occasionally, 25 pounds frequently, and sit, stand or walk for 6 hours. (AR 46.) The VE opined that this individual would be able to perform Plaintiff's past work. (AR 46.)

The ALJ presented a second hypothetical with the same individual who needed to avoid heights, climbing ladders, ropes or scaffolds, or working around dangerous machinery, and can occasionally reach overhead with the right upper extremity. (AR 46.) The VE opined that this individual would be unable to perform Plaintiff's past work due to the heights, hazards, and climbing limitations. (AR 46.) However, this individual would be able to work as a dishwasher, Dictionary of Occupational Title ("DOT") 318.687-010,[2] which involves operating a dishwasher machine. (AR 46-47.) This would be unskilled medium work with 31,000 jobs in the classification. (AR 47.) The individual would also be able to work as a kitchen helper, DOT 317.687-010, unskilled, medium, with 20,000 jobs in California or a packing job as a bagger, DOT 920.687-014, unskilled, medium with 22,300 jobs. (AR 47.)

The VE presented a third hypothetical with the individual able to lift 20 pounds occasionally and 10 pounds frequently, and able to stand, sit, and walk for six hours with the same postural limitations. (AR 47.) The VE opined that this individual would not be able to perform any past work. (AR 47.) The VE testified that her testimony was consistent with the DOT. (AR 47.)

---

[2] As Plaintiff points out in his motion, the record reflects that a dishwasher has a DOT of 381.687-010. However this DOT is for a central supply worker for medical services. The DOT identifies 381 as porters and cleaners and 318 as kitchen workers. . 1 Dictionary of Occupational Titles 245, 281 (4th Ed. 1991) As the Plaintiff states, this appears to be an error and the actual DOT for dishwasher would be 318.687-010 as the job description includes "Washes pots, pans, and trays by hand. Scrapes food from dirty dishes and washes them by hand or places them in racks or on conveyor to dishwashing machine." Id. at 245-46.

**B.     ALJ Findings**

The ALJ found that Plaintiff had met the insured status requirements of the Social Security Act through December 31, 2014, and had not engaged in any substantial gainful activity since March 10, 2009. (AR 20.) Plaintiff has the following severe impairments: status post old cerebrovascular accident and right shoulder strain. (AR 20.) Plaintiff does not have an impairment or combination of impairments that meet or equal the severity of one of the listed impairments. (AR 21.)

Plaintiff has the residual functional capacity to perform medium work except that he can lift and carry 50 pound occasionally and 25 pound frequently; stand, sit and walk 6 hours in an 8 hour workday; should avoid working at heights, climbing ladders, ropes or scaffolds, and dangerous machinery; and can perform occasional overhead reaching with the right upper extremity. (AR 21.) Plaintiff is unable to perform any past relevant work. (AR 23.)

Plaintiff is 52 years old and is defined as an individual closely approaching advanced age on the alleged disability onset date. (AR 24.) Plaintiff has limited education and is unable to communicate in English. (AR 24.) Considering the Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 24.) Plaintiff has not been under a disability, as defined in the Social Security Act, from March 10, 2009 through the date of the decision. (AR 25.)

## III.

## LEGAL STANDARD

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In reviewing findings of fact in respect to the denial of benefits, this court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is relevant evidence which,

considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")

To qualify for disability insurance benefits, the claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five step sequential evaluation process to be used in determining if a claimant is disabled. 20 C.F.R. § 404.1520; Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).

## IV.

## DISCUSSION AND ANALYSIS

Plaintiff contends that the ALJ erred at step five of the analysis because Plaintiff does not have the ability to perform the identified occupations. (Plaintiff's Opening Brief 6-7, ECF No. 11.) Plaintiff argues that the VE's testimony differed from the DOT in respect to language and his ability to reach. (Id. at 9.) Defendant filed a cross-motion for summary judgment on the ground that there are no unresolved conflicts in this action that prevented the ALJ from relying on the VE's testimony. (Mem. in Support of Def.'s Cross Mot. for Summary Judgment and in Opp. to Pl's Mot. for Summary Judgment 4-5, ECF No. 14.) Plaintiff did not file a response.

At step five the burden shifts to the Commissioner to show that there is other work that exists in the national economy that the claimant is able to perform. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). In determining whether such jobs exist, the ALJ will generally consult the DOT and use the services of a vocational expert. Light v. Social Sec. Admin., 119F.3d 789, 793 (9th Cir. 1997); 20 C.F.R. § 404.1566(d) and (e). An ALJ cannot rely on the VE's testimony without inquiring whether it conflicts with the DOT and obtaining a reasonable explanation for any apparent conflict. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007). Evidence that is sufficient to permit a deviation from the DOT may be specific finding of fact as to the claimant's residual functional capacity or inferences that can be drawn from the context of the VE's testimony. Light, 119 F.3d at 793.

**A.     Illiteracy**

Plaintiff contends that his illiteracy and inability to communicate in English are inconsistent with the DOT which requires a Language Level 1 for the identified jobs. (Id. at 11.) Plaintiff argues that although the VE stated her opinion did not vary from the DOT she did not provide an explanation for varying from the Language Level 1 requirements. (Id.)

Defendant's position is that a claimant is not disabled due to illiteracy and the VE was aware that Plaintiff did not speak English and clearly took that into account when testifying. (ECF No. 14 at 6-7.) Defendant notes that Plaintiff has previously performed jobs that required a

1  language level 1 and that the contention that Plaintiff does not have the language skills to work is
2  untenable. (Id. at 7.) Defendant argues that there is no conflict with the DOT and that Plaintiff's
3  counsel was provided the opportunity to cross examine the VE and declined to do so. (Id. at 7.
4  Defendant states that there was no unresolved conflict for the VE to address. (Id. at 8.)

5  Plaintiff testified at the hearing that he did not understand any English and the ALJ found
6  that he had a limited education and was unable to communicate in English. (AR 24, 36.)

7  Plaintiff challenges the finding that he has a limited education. A limited education is
8  generally considered to be seventh through eighth grade of formal education. 20 C.F.R. §
9  416.964(b)(3). Plaintiff only attended school in Mexico through the fourth grade. His job
10 history indicates only unskilled manual labor and he is unable to understand English. The
11 regulations provide that formal schooling through the sixth grade or less is a marginal education.
12 20 C.F.R. § 416.964(b)(2). Substantial evidence does not support the ALJ's finding that Plaintiff
13 has a limited education.

14 Plaintiff also contends that his inability to understand English conflicts with the DOT.
15 All the jobs identified by the VE require a language level of 1. 1 Dictionary of Occupational
16 Titles 245, 246 (4th Ed. 1991) 2 Dictionary of Occupational Titles 936 (4th Ed. 1991). This is
17 the lowest language development contemplated by the DOT. 2 Dictionary of Occupational
18 Titles, App. C—Components of the Definition Trailer, see also Donahue v. Barnhardt, 279 F.3d
19 441, 445 (7th Cir. 2002) ("basic literacy [defined as a vocabulary of 2,500 words, the ability to
20 read about 100 words a minute, and the ability to print simple sentences] is essential for *every*
21 *job in the economy*") (emphasis in original).

22 The Ninth Circuit has held "only literacy in English is considered, since literacy in other
23 languages has little effect on the number of jobs in the national economy available to the
24 claimant. 20 C.F.R. §§ 404.1564(b)(5), 416.964(b)(5). 'Illiterate' therefore means illiterate in
25 English. Chavez v. Dep't of Health and Human Services, 103 F.3d 849, 852 (9th Cir. 1996); see
26 also Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000) (illiteracy is the inability to read or
27 write in English). However, "[w]hile illiteracy or the inability to communicate in English may
28 significantly limit an individual's vocational scope, the primary work functions in the bulk of

unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least significance." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(I)  "Thus, the functional capability for a full range of sedentary work represents sufficient numbers of jobs to indicate substantial vocational scope for those individuals age 18–44 even if they are illiterate or unable to communicate in English." Id.

Plaintiff relies on Pinto v. Massanari, 249 F.3d 840 (9th Cir. 2001) to argue that the ALJ had to definitively explain the deviation from the DOT.  In Pinto, the ALJ found that claimant was able to perform her past job duties which required a Language Level 2, although she was illiterate in English, and neither the ALJ nor VE explained how her inability to communicate in English would impact her ability to find and perform a similar job. Id. at 847.  However, an ALJ may rely on VE testimony that contradicts the DOT, where the record contains "persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

While Defendant contends that Plaintiff is arguing that he is disabled due to his inability to speak and understand English, the issue here is how Plaintiff's language ability will affect his ability to find and perform work.  In this instance, the ALJ found that Plaintiff is unable to communicate in English and neither the ALJ nor the VE addressed how this will impact his ability to find and perform those jobs identified by the VE in the hearing.

The Commissioner argues that Plaintiff has worked Language Level 1 jobs in the past, and the Court agrees that there may be some cases in which the claimant's prior work experience may provide persuasive evidence to support a finding that his language ability is consistent with the stated requirement for the jobs identified.  However, that is not the case here and the ALJ did not address how Plaintiff's inability to speak English will impact his ability to work in any of the identified jobs.

For these reasons, substantial evidence does not support the ALJ's determination that Plaintiff's illiteracy will allow him to perform jobs that exist in significant numbers in the national economy.  This action shall be remanded for the ALJ to further develop the record in this regard.

### B.     Reaching Ability

Plaintiff also contends that the ALJ erred because the jobs identified by the VE require constant or frequent reaching and Plaintiff is limited to occasional overhead reaching with his right dominant extremity. (ECF No. 11 at 12.) Defendant argues that the requirements of the jobs identified do not conflict with Plaintiff's reaching limitations. (ECF No. 14 at 5-6.)

The jobs identified by the VE require either frequent, DOT 317.687-010 and DOT 920.687-014, or constant, DOT 318.687-010, reaching. Plaintiff argues this is in conflict with Plaintiff's residual functional capacity because he can only perform occasional overhead reaching with the right upper extremity. However, a review of the job duties for these occupations shows that they do not require frequent or constant overhead reaching with both arms as most of the job duties involve activities that would take place below shoulder level, such as sweeping, washing dishes, cleaning vegetables, bagging groceries, etc. See DOT 317.687-010, 1991 WL 672752 (Cook Helper); DOT 318.687-010, 1991 WL 672755 (Kitchen Helper); DOT 920-687-014, 1991 WL 687964 (Bagger).

Further, courts find that a VE's testimony that a claimant who has limited use of one arm can perform work requiring frequent reaching does not conflict with the DOT. See Sims v. Colvin, No. 13-cv-01755-LHK, 2014 WL 3362286, at *7 (N.D. Cal. July 7, 2014) (collecting cases). There is substantial evidence in the record that Plaintiff is able to reach with both hands and is only limited to occasional reaching overhead with his right arm. Plaintiff stated that he is able to take something from an overhead cupboard if it is not more than five to ten pounds. (AR 43.) Plaintiff can pull a dish from the cupboard. (AR 43.) Plaintiff is able to do repetitive overhead movements if they are not for a long period of time. (AR 43.)

The VE's testimony did not conflict with the DOT in regards to Plaintiff's reaching limitations and the ALJ's finding that jobs exist in significant numbers in the national economy that Plaintiff can perform due to his physical limitations is supported by substantial evidence in the record.

///

///

## V.

## CONCLUSION AND ORDER

Based on the foregoing, the ALJ did not err by finding that jobs exist in significant numbers in the national economy that Plaintiff can perform due to his physical limitations, however, the ALJ did err by not addressing how Plaintiff's illiteracy will affect his ability to find and perform jobs that exist in significant numbers in the national economy.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's appeal from the decision of the Commissioner of Social Security is GRANTED IN PART AND DENIED IN PART;

2. Defendant's motion for summary judgment is GRANTED IN PART AND DENIED IN PART;

3. The Court REMANDS this action back to the Commissioner for further administrative proceedings consistent with this opinion; and

4. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **December 16, 2014**

UNITED STATES MAGISTRATE JUDGE